UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. _____

**MORTADA ABDALLA**, and other similarly situated individuals,

        Plaintiff(s),

v.

**KING'S FOOD SPOT INC**;
**YOUSEF AYYAD**;
**FOOD PLUS ENTERPRISES INC** d/b/a Family Food Store;
**AJA LAND LLC** d/b/a Family Food Store f/k/a AJA LAND NO 2 LLC d/b/a King's Market a/k/a King Food Spot; and
**ABDEL ASSAF** d/b/a King's Market a/k/a King Food Spot,

        Defendants.

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiffs, **MORTADA ABDALLA** ("Plaintiff") and other similarly situated individuals, sue the Defendants, **KING'S FOOD SPOT INC**; **YOUSEF AYYAD**; **FOOD PLUS ENTERPRISES INC** d/b/a Family Food Store; **AJA LAND LLC** d/b/a Family Food Store f/k/a AJA LAND NO 2 LLC d/b/a King's Market a/k/a King Food Spot; and **ABDEL ASSAF** d/b/a King's Market a/k/a King Food Spot (collectively the "Defendants") and allege:

www.saenzanderson.com



1

## JURISDICTION

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

## VENUE

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. **KING'S FOOD SPOT INC**; **FOOD PLUS ENTERPRISES INC**; **AJA LAND LLC** (the "Corporate Defendants"); **ABDEL ASSAF** and **YOUSEF AYYAD** (the "Individual Defendants"), are Florida companies and Florida residents, respectively, having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce.

4. Individual Defendants manage the operations of the Corporate Defendants and direct the work of their employees. Individual Defendants supervised Plaintiff at all times relevant.

5. The Corporate Defendants share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations. The Corporate Defendants are an integrated enterprise or an agent of each other. Alternatively, each company is an enterprise under the Act.

6. Corporate Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies.

Corporate Defendants are an agent of each other or are joint employers. Alternatively, each company is an enterprise under the Act.

7. Although Corporate Defendants change names, use names interchangeably, they operate convenience stores at the following addresses: 6310 NW 18th Avenue, Miami, Florida and 3045 NW 62nd Street, Miami, Florida. Both stores are managed, supervised and operated primarily by Defendant Abdel Assaf. Plaintiff worked under the direct supervision of this individual defendant at both addresses.

8. All employees of the Corporate Defendants work at both store addresses and are primarily supervised by Defendant Abdel Assaf.

### COUNT I: WAGE AND HOUR VIOLATION BY THE CORPORATE DEFENDANTS (OVERTIME)

9. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-8 above as if set out in full herein.

10. This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

www.saenzanderson.com



11. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce.

12. At all times pertinent to this Complaint, the Corporate Defendants operate as organizations which sell and/or market their services and/or goods to customers from throughout the United States and also provide their services for goods sold and transported from across state lines of other states, and the Corporate Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to their employees.

13. The annual gross revenue of each Corporate Defendant during the relevant time period was in in excess of $500,000 per year.

14. Alternatively, the *combined* annual gross revenue of all Corporate Defendants during the relevant time period was in in excess of $500,000 per year.

15. By reason of the foregoing, the Corporate Defendants are and were, during all times hereafter mentioned, enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for the Corporate Defendants. The Corporate Defendants' business activities involve those to which the Act applies.

16. The Corporate Defendants **are** convenience food stores and, through their business activity, affect interstate commerce. The Plaintiff's work for the Corporate Defendants likewise



affects interstate commerce. Plaintiff was employed by the Corporate Defendants as a cashier/attendant for the Corporate Defendants' business.

17. While employed by the Corporate Defendants, Plaintiff worked approximately an average of 56-70 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed.

18. Plaintiff was employed as a cashier/attendant performing the same or similar duties as that of those other similarly situated cashiers/attendants whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

19. Plaintiff worked for the Corporate Defendants from approximately 2013 through October 17, 2019 (**13 weeks**), and then from approximately January 30, 2021, through June 2, 2022 (**70 weeks**).

20. From approximately 2013 through October 17, 2019 (**13 weeks**), Plaintiff worked approximately 10 hours per day, 7 days a week for the Corporate Defendants and was paid approximately $13 per hour. No overtime was paid to Plaintiff.

21. From approximately January 30, 2021, through June 2, 2022 (**70 weeks**), Plaintiff worked approximately 8 hours per day, 7 days a week for the Corporate Defendants and was paid approximately $15 per hour. No overtime was paid to Plaintiff.

22. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

www.saenzanderson.com



23. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

2013 through October 17, 2019 (**13 weeks**)

$13 x .5 (half time) x 30 (overtime hours) x 13 (compensable weeks) = $2,535

January 30, 2021, through June 2, 2022 (**70 weeks**)

$15 x .5 (half time) x 16 (overtime hours) x 70 (compensable weeks) = $8,400

Actual Damages: $10,935

Liquidated Damages: $10,935

**Total Damages: $21,870**, plus reasonable attorney's fees and costs.

24. At all times material hereto, the Corporate Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendants who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendants and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

25. The Corporate Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and those



www.saenzanderson.com

similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

26. The Corporate Defendants never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

27. The Corporate Defendants willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

28. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Corporate Defendants on the basis of the Corporate Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

www.saenzanderson.com



## COUNT II: WAGE AND HOUR VIOLATION BY
## <u>ABDEL ASSAF (OVERTIME)</u>

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 above as if set out in full herein.

30. At the times mentioned, the Individual Defendant was, and is now, the Owner and/or the primary manager of the Corporate Defendants.

31. The Individual Defendant was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that this defendant acted directly or indirectly in the interests of the Corporate Defendants in relation to the employees of the Corporate Defendants, including Plaintiff and others similarly situated.

32. The Individual Defendant had operational control of the Corporate Defendants, was involved in the day-to-day functions of the Corporate Defendant, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages.

33. The Individual Defendant is and was at all times relevant a person in control of the Corporate Defendant's financial affairs and can cause the Corporate Defendants to compensate (or not to compensate) its employees in accordance with the Act.

34. This Individual Defendant was Plaintiff's direct boss.

35. The Individual Defendant willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.



www.saenzanderson.com

36. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Individual Defendant on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## COUNT III: WAGE AND HOUR VIOLATION BY YOUSEF AYYAD (OVERTIME)

37. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 above as if set out in full herein.

38. At the times mentioned, the Individual Defendant was, and is now, an officer of Defendant King's Food Spot, Inc.

39. This Individual Defendant was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that this defendant acted directly or indirectly in the interests of the Corporate Defendants in relation to the employees of the Corporate Defendants, including Plaintiff and others similarly situated.

www.saenzanderson.com



40. The Individual Defendant had operational control of the Corporate Defendants, was involved in the day-to-day functions of the Corporate Defendant, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages.

41. The Individual Defendant is and was at all times relevant a person in control of the Corporate Defendant's financial affairs and can cause the Corporate Defendants to compensate (or not to compensate) its employees in accordance with the Act.

42. This Individual Defendant was also in charge of negotiating licenses for the Corporate Defendants' businesses, including the food stamp business which the Corporate Defendants ran.

43. The Individual Defendant willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

44. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Individual Defendant on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

www.saenzanderson.com



    D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

    E.  Grant such other and further relief as this Court deems equitable and just.

Dated: July 22, 2022.

                          Respectfully submitted,

                          By:  /s/ R. Martin Saenz
                          Aron Smukler, Esquire
                          Fla. Bar No.: 297779
                          Email: asmukler@saenzanderson.com
                          R. Martin Saenz, Esquire
                          Fla. Bar No.: 0640166
                          Email: msaenz@saenzanderson.com

                          SAENZ & ANDERSON, PLLC
                          20900 NE 30th Avenue, Ste. 800
                          Aventura, Florida 33180
                          Telephone: (305) 503-5131
                          Facsimile:  (888) 270-5549
                          *Counsel for Plaintiff*

www.saenzanderson.com

