UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 22-22300-CV-WILLIAMS

MORTADA ABDALLA,
and other similarly situated individuals,

Plaintiffs,

v.

KING'S FOOD SPOT INC., *et al.*

Defendants.
_____/

# REPORT AND RECOMMENDATION ON PLAINTIFF'S RENEWED MOTION FOR FINAL DEFAULT JUDGMENT AGAINST DEFENDANT YOUSEF AYYAD

THIS MATTER is before the Court upon a Renewed Motion for Entry of Final Default Judgment (the "Motion") against Defendant Yousef Ayyad. [ECF No. 100]. This matter was referred to the Undersigned for a Report and Recommendation. [ECF No. 101]. Having considered the Motion, and being otherwise advised in the premises, the Court hereby **RECOMMENDS** that the Motion be **GRANTED**.

## BACKGROUND

On July 22, 2022, the Plaintiff brought this action to recover money damages for unpaid wages against Defendants KING'S FOOD SPOT INC; YOUSEF AYYAD; FOOD PLUS ENTERPRISES INC d/b/a Family Food Store; AJA LAND LLC d/b/a Family Food Store f/k/a AJA LAND NO 2 LLC d/b/a King's Market a/k/a King Food Spot; and Abdel Assaf d/b/a King's Market a/k/a King Food Spot under the Fair Labor Standards Act, 29 U.S.C. Section 201 et seq. ( the "FLSA") and other Federal Regulations. [ECF No. 1].

On August 17, 2023, this Court entered an order substituting LANA OMARI Personal Representative of the Estate of Abdel Assaf d/b/a King's Market a/k/a King Food Spot for Abdel Assaf . [ECF No. 89].

On September 6, 2023, Plaintiff and Defendants KING'S FOOD SPOT INC; FOOD PLUS ENTERPRISES INC d/b/a Family Food Store; AJA LAND LLC d/b/a Family Food Store f/k/a AJA LAND NO 2 LLC d/b/a King's Market a/k/a King Food Spot; and LANA OMARI Personal Representative of the Estate of Abdel Assaf d/b/a King's Market a/k/a King Food Spot filed a Notice of Settlement. [ECF No. 91]. The claims against Defendant Ayyad were not part of the settlement, however. [ECF No. 95 n.1].

On September 12, 2023, the Court directed the Clerk to enter a default against Defendant Yousef Ayyad. A clerk's default was entered against Defendant Ayyad on September 13, 2023. [ECF No. 94].

On April 8, 2024, Plaintiff filed his Renewed Motion for Motion for Final Default Judgment Against Defendant Ayyad. [ECF No. 100].

## **LEGAL STANDARD**

"Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend the lawsuit, the Clerk of Court must enter a clerk's default against the defendant. Second, when the requirements for a clerk-entered default judgment cannot be met under Rule 55(b)(1), the plaintiff must apply to the court for a default judgment under Rule 55(b)(2)." *Cleveland v. JH Portfolio Debt Equities, LLC*, 2020 WL 8167356, at *2 (S.D. Ala. Nov. 23, 2020), *report and recommendation adopted*, 2021 WL 136287 (S.D. Ala. Jan 13, 2021). Rule 55(b)(2) provides

2

that a court may enter default judgment against a defendant who has failed to defend the lawsuit. *See* Fed. R. Civ. P. 55(b)(2).

"A defendant's default alone does not in itself warrant the court entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The Eleventh Circuit has explained that there is a sufficient basis in the pleadings when the complaint could survive a motion to dismiss for failure to state a claim. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). When a defendant defaults, they are deemed to have admitted the plaintiff's well-pleaded factual allegations. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

If, in order to enter or effectuate judgment, it is necessary to conduct an accounting to determine the amount of damages, the court may conduct hearings or make referrals as it deems necessary and proper. Fed. R. Civ. P. 55(b)(2). However, the Court may award damages without a hearing where the "amount claimed is a liquidated sum or one capable of mathematical calculation," and there is "a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985).

## **DISCUSSION**

Plaintiff's Complaint alleges that individual Defendant Ayyad was an officer of KING'S FOOD SPOT INC; FOOD PLUS ENTERPRISES INC d/b/a Family Food Store; AJA LAND LLC d/b/a Family Food Store f/k/a AJA LAND NO 2 LLC d/b/a King's Market a/k/a King Food Spot (the "Corporate Defendants") and that he was an employer of Plaintiff within the meaning of Section 3(d) of 29 U.S.C. § 203(d) in that he acted directly or indirectly in the interests of the

Corporate Defendants in relation to the employees of the Corporate Defendants, including Plaintiff.

Count III of Plaintiff's claim is for FLSA overtime wages against Defendant Ayyad, who has defaulted. [ECF No. 94]. As a result, Plaintiff's allegations in the complaint against Ayyad are deemed to be admitted and should be considered proven. *See Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

A. <u>**FAIR LABOR STANDARDS ACT**</u>

The FLSA requires that employers pay their employees at least one and a half times the "regular rate" for any work in excess of 40 hours per week. *See* 29 U.S.C. § 207(a)(1) (prohibiting "a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed"). When a covered employee is not paid the overtime wage, the FLSA provides a private cause of action against the employer for unpaid wages. *See* 29 U.S.C. § 216(b); *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011).

"To state a claim for failure to pay overtime compensation under the FLSA, an employee must show: (1) an employment relationship; (2) the employee is subject to individual or enterprise coverage; and (3) that the employee worked over forty hours per week but was not paid overtime wages." *Gomez v. Kern*, 2012 WL 1069186, at *1 (S.D. Fla. Mar. 29, 2012) (citing *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 841 F. Supp. 2d 1274 (S.D. Fla. 2012); *Josendis*, 662 F.3d at 1315 (individual and enterprise coverage are essential elements of an FLSA claim).

The effect of the entry of a default is that all of the factual allegations in the complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-pleaded in the complaint, it is established by the entry of a default. *Buchanan*, 820 F.2d at 361. However, a court may enter a default judgment *only* if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206.

The Complaint states that Defendant Ayyad had operational control of the Corporate Defendants, was involved in the day-to-day functions of the Corporate Defendant, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages. [*Id.* at 9–10]. Defendant Ayyad is and was, at all times relevant, a person in control of the Corporate Defendant's financial affairs and can cause the Corporate Defendants to compensate (or not to compensate) its employees in accordance with the Act. [*Id.* at 10]. Defendant Ayyad oversaw negotiating licenses for the Corporate Defendants' businesses, including the food stamp business (which the Corporate Defendants ran). [*Id.*]. Plaintiff further alleges that Defendant Ayyad willfully and intentionally caused Plaintiff to not receive overtime compensation as required since the commencement of Plaintiff's employment with the Corporate Defendants. [*Id.*].

Plaintiff's Complaint states that the Corporate Defendants are and were enterprises engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §§ 203(r) and 203(s). [ECF No. 1 at 4]. Plaintiff was engaged in interstate commerce as a cashier/attendant for the Corporate Defendants' convenience food stores and, through their business activity, affected interstate commerce. [*Id.* at 4–5].

Plaintiff claimed that the Corporate Defendants operate as organizations which sell and/or market their services and/or goods to customers from throughout the United States and

also provide their services for goods sold and transported from across state lines of other states, and the Corporate Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to their employees; and that the annual gross revenue of each Corporate Defendant during the relevant time period was in in excess of $500,000 per year. [*Id.* at 4].

Finally, Plaintiff worked over forty hours per week, and was not paid overtime wages. Plaintiff's unpaid overtime wages will be discussed in Section B of this report.

Therefore, since Plaintiff has established liability and coverage under the FLSA, the Court must determine Plaintiff's damages for which Yousef Ayyad is liable for.

B. **PLAINTIFF'S DAMAGES**

As stated above, a plaintiff is entitled to be compensated for one and one-half times the regular rate for all hours worked in excess of forty hours per work week. *See Walling v. Helmerich & Payne*, 323 U.S. 37, 42 (1944) ("[T]he parties to the contract must respect the statutory policy of requiring the employer to pay one and one-half times the regular hourly rate for all hours actually worked in excess of 40."). "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the court may hold a hearing for the purposes of assessing damages. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105,

111 (2d Cir. 1997) (citing Federal Rule of Civil Procedure 55(b)(2) ). However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages. *Id.*

  i. <u>Unpaid overtime wages</u>

Plaintiff worked approximately an average of 56–70 hours per week and was not compensated for overtime hours as the rate of one and one-half times the regular rate at which he was employed. [ECF No. 1 at 5]. Plaintiff claims that he is owed total overtime wages of $10,837.50 and an equal amount of liquidated damages, for a total of $21,675.00 for unpaid wages for the time employed with Defendants. However, Plaintiff settled his claims against the remaining Defendants for $15,000.00 inclusive of attorney's fees and costs. Plaintiff's net recovery is $6,358.00 and, therefore, the remaining unpaid overtime wages are as follows: $21,675.00 - $6,358.00 = **$15,317.00** plus reasonable attorneys' fees and costs incurred. [*See* ECF No. 95-1 for settlement agreement].

  ii. <u>Attorneys' Fees</u>

When a plaintiff prevails in a FLSA action, the district court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). According to the Eleventh Circuit, "[t]he first step in calculating a reasonable attorney's fee award is to determine the 'lodestar'—the product of multiplying reasonable hours expended times a reasonable hourly rate." *Martinez v. Hernando Cty. Sheriff's Office*, 579 F. App'x 710, 713 (11th Cir. 2014) (citing *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)). Under the lodestar method, the Court must first determine whether the fee applicant (Plaintiff's counsel) has satisfied the burden of establishing that his requested hourly rates are reasonable. The fee applicant bears the burden of establishing a reasonable hourly rate, which is defined as the "prevailing market rate in the relevant legal

community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 428. "Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). In assessing whether an attorney billed reasonable hours, "[r]edundant, excessive, or otherwise unnecessary hours should not be included in the calculation of hours reasonably expended." *Perez v. Carey Int'l, Inc.*, 373 F. App'x 907, 910-11 (11th Cir. 2010). The lodestar may then be adjusted after considering other factors, such as the results obtained. *See Martinez*, 569 F. App'x at 713 (citations omitted).

Plaintiff's claim for attorney's fees as detailed in the billing records attached to Plaintiff's Motion is for a total of $16,716.25 (the difference between the total amount of attorney's fees billed and the amount of attorney's fees settled with the Assad Defendants as detailed above). The billing records specifically indicate the activity performed by attorneys and the firm support team, in prosecuting this action. Plaintiff's attorneys billed at an hourly rate of $400.00 an hour for Saenz & Anderson, $450.00 an hour for the Saenz Law Firm, and $75.00 an hour for the support team (legal assistants). Plaintiff states that the firms routinely bill all its employment cases for plaintiffs at the rate of $400.00 per hour and $450.00 per hours respectively for the professional services that are rendered which is consistent with hourly rates previously approved as reasonable in employment cases in Florida district courts. While the Motion fails to address counsel's credential or experience, the Court finds that the hourly rate is reasonable. *See Lozano v. Datereybru Co., LLC*, No. 6:19-cv-1783-CEM-LHP, 2022 U.S. Dist. LEXIS 126970, at *1 (M.D. Fla. July 18, 2022) (adopting Report and Recommendation of attorney's fees at $400/hr as reasonable and citing several other decisions in the Middle District awarding the same hourly rate). *Rismay v. Alterations by Lucy & Crisp & Clean Dry Cleaning & More*, LLC, No. 6:20-cv-

1357-GAP-EJK, 2022 U.S. Dist. LEXIS 29633, 2022 WL 687125, at *2 (M.D. Fla. Feb. 18, 2022), *report and recommendation adopted*, 2022 U.S. Dist. LEXIS 40996, 2022 WL 685662 (M.D. Fla. Mar. 8, 2022) (awarding $400.00 per hour in FLSA default judgment context for attorney with twenty years of experience based on the court's own expertise even absent independent evidence as to reasonableness); *Lopez v. City Buffet Inc.*, No. 6:19-cv-1151-WWB-EJK, 2022 U.S. Dist. LEXIS 3539, 2022 WL 783829, at *1 (M.D. Fla. Jan. 7, 2022), *report and recommendation adopted*, 2022 U.S. Dist. LEXIS 13459, 2022 WL 218490 (M.D. Fla. Jan. 25, 2022) (awarding $400.00 per hour for fees in FLSA-default judgment context)." *Id* at *21–22.

The second step of the lodestar analysis requires the Court to determine the reasonable number of hours expended in the litigation. The award must exclude compensation for hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation, or experience of counsel*." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (emphasis in original). The fee applicant bears the burden of establishing that the time for which compensation is sought was reasonably expended on the litigation and must provide the Court with specific and detailed evidence that will allow for an accurate determination of the amount of fees to award. *Id.* at 428. Counsel must have reliable evidence to support hours that are claimed. *See Jean v. Nelson*, 863 F.2d 759, 772 (11th Cir. 1988). If the fee applicant fails to exercise the required billing judgment, the Court is obligated to "[prune] out those [hours] that are excessive, redundant, or otherwise unnecessary." *Id.*

The Court has reviewed the time entries provided by Plaintiff's counsel and finds that the entries are sufficiently detailed to enable the Court to agree that the time incurred by counsel in the case was reasonable.

    *iii.*   <u>Costs</u>

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The FLSA does not provide otherwise, and indeed, expressly awards taxable costs to the prevailing plaintiff. *Reyes v. Aqua Life Corp.*, 632 F. App'x 552, 556 (11th Cir. 2015) (citing 29 U.S.C. § 216(b)). At the same time, the prevailing party bears the burden to submit documentation "that would enable the district court to determine what expenses were incurred on the federal litigation." *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994).

Congress has delineated which costs are recoverable from a losing party in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Section 1920 provides that a judge or clerk of any court of the United States may tax as costs the following: (1) "fees of the clerk and marshal"; (2) "fees for printed or electronically recorded transcripts necessarily obtained for use in the case"; (3) fees related to "printing and witnesses"; (4) fees for "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case"; (5) "docket fees"; and (6) compensation of court appointed experts and fees related to interpretation services. 28 U.S.C. § 1920(1)–(6). A court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920. *See Crawford Fitting Co.*, 482 U.S. at 440-44. But it cannot award costs beyond those "authorized by statute." *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000); *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988) (holding that § 216(b) does not permit recovery of any costs beyond those enumerated in § 1920).

Plaintiff seeks costs in the amount of $180.00 related to Defendant Ayyad's Certificate of Non-Appearance at his deposition. [ECF No. 100-2 at 20]. Because Plaintiff's need to depose

10

Defendant relates to establishing the facts of their case, the undersigned concludes that the depositions were "necessarily obtained for use in the case" and finds that the associated costs are recoverable. *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258–59 (S.D. Fla. 2013) (finding $235 for court reporter appearance and $75 for court reporter appearance and preparation of a certificate of non-appearance recoverable where the scheduled deposition of a party was determined necessary to ascertain the facts of the case). The undersigned thus determines that costs of **$180.00** are recoverable.

## CONCLUSION

Accordingly, it is **RECOMMENDED** that Plaintiff's Renewed Motion for Entry of Final Default Judgment [ECF No. 100] be **GRANTED** as follows:

1. Damages of $15,317.00; plus, attorney's fees in the amount of $16,716.25 and costs in the amount of $180.00, for a total of **$32,213.25**;
2. Default Final Judgment be entered by separate order.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(a), Plaintiff has THREE (3) days from the date of this Report and Recommendation to serve and file written objections, if any, with the District Judge. See generally *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507 (11th Cir. 1990). Failure to timely file objections will bar a de novo determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; see also *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** in Miami, Florida on this 31st day of May, 2024.

_____
**HONORABLE LISETTE M. REID**
**UNITED STATES MAGISTRATE JUDGE**

cc: **United States District Judge Kathleen M. Williams;**
**All Counsel of Record**